## IN THE U.S. DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| MELVIN W. PARSONS, | : | |
| 14500 Union Road | : | CASE NO: |
| Spencerville, Ohio 45887 | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| -vs.- | : | JUDGE: |
| | : | |
| Buehler's Asphalt Paving, Inc., | : | COMPLAINT FOR SEXUAL |
| 14475 Lambert Road | : | HARASSMENT, ASSAULT, |
| St. Mary's, Ohio 45885 | : | HOSTILE WORK ENVIRONMENT, |
| | : | AND JURY DEMAND |
| AND | : | |
| | : | |
| DARREL T. FLINN, | : | |
| 14475 Lambert Road | : | |
| St. Mary's, Ohio 45885 | : | |
| | : | |
| **Defendants.** | : | |

Now comes Plaintiff, Melvin W. Parsons, by and through his undersigned counsel, Jason N. Flower, and hereby states as his Complaint against Defendants Buehler's Asphalt Paving, Inc., (hereinafter "Buehler"), and Darrel T. Flinn, (hereinafter "Flinn"), the following:

## SUMMARY OF ACTION

1. This is a civil action seeking monetary damages against Defendants Beuhler and Flinn alleging sexual harassment, hostile working environment, and Assault claims against Defendants Buehler and Flinn.

## JURISDICTION & VENUE

2. This action is brought pursuant to Ohio Revised Code § 4112.02, and pursuant to Title I of the Americans with Disabilities Act of 1990, codified as 42 U.S.C. 12112, which prohibit the discrimination of an employee on the basis of race, gender, ethnicity, color, national origin, ancestry of the employed individual, any identified disability, and the corresponding regulations of the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission.

3. Venue is proper, as the incidents at issue occurred in Mercer County, Ohio, within this Court's jurisdiction as the Northern District Court of Ohio – Western Division.

## PARTIES

4. At all times relevant hereto, Plaintiff was an adult male with a known disability residing in Allen County, Ohio at the captioned address.

5. At all times relevant hereto, Defendant Buehler is a private company located at the captioned address, incorporated under the laws of the state of Ohio, and doing business in the state of Ohio under Ohio laws.

6. At all times relevant hereto, Defendant Flinn was an employee of Defendant Beuhler.

## FACTS

7. Plaintiff began his employment with Defendant Buehler in 2010.

8. Defendant Flinn was a supervisor over Plaintiff, and also employed by Defendant Buehler.

9. At all times relevant hereto, Defendant was aware of Plaintiff's disability, and ignored requests by Plaintiff to accommodate same under the working conditions.

10. Plaintiff's requests were reasonable accommodations, and Defendant could have made said accommodations.
11. Specifically, Plaintiff requested to no longer work around Defendant Flinn, due to repeated sexual advances and assaults, and other demeaning behavior, in front of staff and other employees.
12. After Plaintiff began reporting Flinn's actions to the owner of the company, and the Secretary, Flinn's behavior intensified.
13. Several members of the asphalt crew, who were cronies of Flinn, also began to alienate Plaintiff and make his already difficult job even harder.
14. The Actions of Flinn, the blind eye turned towards the problem by management, and the hostile actions by other employees created a hostile working environment for Plaintiff.
15. Defendant Flinn's behavior exacerbated Plaintiff's already difficult mental health situation to a level that incapacitated Plaintiff, making it impossible for him to regularly carry out his job duties.
16. On or about June 18, 2020, Plaintiff was singled out by Flinn, and Flinn physically forced Plaintiff's head down to Defendant Flinn's private parts, holding Plaintiff's face in front of Flinn's crotch and making verbal statements inferring that Plaintiff would enjoy engaging in oral sex with Flinn, to which Plaintiff made every effort to escape Flinn's grasp.
17. On June 19, 2020, Flinn approached Plaintiff from behind, grabbing him, and making thrusting motions towards Plaintiff, mimicking the act of dry humping Plaintiff in front of the other employees, and the residents of the trailer park where the asphalt crew were working.
18. These specific incidents were the last straw in a long list of physical and verbal harassments by Flinn directed against Plaintiff; Plaintiff reported both incidents to the local authorities the next day.
19. Plaintiff stopped showing up at work after June 20, 2020, until he was invited back and Flinn was placed on administrative leave.
20. Defendant Buehler did not take any of the allegations seriously, initially denying that they were even aware there was a problem, and promising an

independent audit.  Eventually, the truth came out that Buehler was always aware of the complaints, and failed to ever address the concerns until Plaintiff went to the local authorities.

21. Defendant Buehler's independent audit of the situation amounted to an interview by Defendants' counsel, of both the company owner and Flinn, and the secretary who also serves as the de facto HR manager; Plaintiff was never interviewed nor asked to participate.

22. Flinn was later told he could return to work, and resume his position as foreman overseeing Plaintiff on jobsites; no other corrective action was taken, not even an apology from anyone at Buehler including Flinn towards Plaintiff. As is often the case, Defendants began a smear campaign, blaming Plaintiff for the sexual harassment and alleging that Plaintiff enjoyed it and even engaged in it-Plaintiff denies this vehemently.

23. When Plaintiff refused to return to work under Flinn, Buehler terminated him.

24. Plaintiff has an excellent work history, and despite his previously mentioned mental health concerns, had maintained a solid work performance for ten years prior to this incident.

25. Following the second incident, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.  On or about January 10, 2020, Plaintiff received Notice of Right to Sue letter from the EEOC, attached hereto as EX. A.

**FIRST CAUSE OF ACTION - DISABILITY DISCRIMINATION**

26. Plaintiff incorporates the previous paragraphs as if fully rewritten herein.
27. At all times Plaintiff was a person with an identified and acknowledged disability under the American's with Disabilities Act of 1990.
28. At all times relevant, Defendants were all aware of Plaintiff's disability, and treated him differently on the job as compared to other, non-disabled individuals.

29. The actions of Defendant described above constitute discrimination in violation of Ohio Revised Code § 4112.02 and 42 USC 12112.
30. The discriminatory conduct described above was engaged in recklessly, maliciously, and intentionally by Defendant Flinn, who is an agent of Defendant Buehler, and on their behalf.
31. The actions of Defendant Buehler's employees further support the discriminatory conduct by Defendant Flinn.
32. Due to Defendants' conduct in discriminating against him, Plaintiff's rights under Ohio Revised Code § 4112.02 and 42 USC 12112 were violated.
33. As such, Plaintiff has a remedy available under Ohio Revised Code § 4112.99 and the related statutes.
34. As a result of the foregoing actions of Defendants, Plaintiff has suffered damages including, but not limited to, mental anguish, emotional distress, humiliation, and other compensatory damages in an amount in excess of Eighty Thousand Dollars ($80,000.00).

**SECOND CAUSE OF ACTION – SEXUAL HARRASSMENT**

35. Plaintiff incorporates the previous paragraphs as if fully rewritten herein.
36. Defendant Flinn was in a position of authority over Plaintiff.
37. Defendant Flinn intentionally created an abusive and hostile work environment, as set forth above, in which Plaintiff was required to work.
38. Defendant Flinn' actions insulted and disparaged Plaintiff.
39. Defendant Flinn's offensive words and actions, which were severe and pervasive, were meant to harass Plaintiff and further aggravate him in the work place environment.
40. Defendant Buehler was aware of Flinn's actions, and did not take any steps to discourage this behavior.
41. Defendant Buehler made every effort to discredit Plaintiff's grievance with Defendant Flinn, choosing instead to protect their own employee in Management rather than protect Plaintiff.

42. The working environment created by Defendants' actions could be reasonably perceived as hostile and abusive, and effected the terms and conditions of Plaintiff's employment.

43. Defendant Flinn is individually liable for his sexual harassment of Plaintiff, and Defendant Beuhler is liable for their actions, and the actions of Flinn under the doctrine of Respondeat Superior.

44. As a result of the hostile work environment created by Defendants' actions, Plaintiff's rights under Ohio Revised Code § 4112.02 and 42 USC 12112 were violated. As such, Plaintiff has a remedy available under Ohio Revised Code § 4112.99, and the related federal statutes.

45. As a result of the foregoing actions of Defendants, Plaintiff has suffered damages including, but not limited to, mental anguish, emotional distress, humiliation, and other compensatory damages in an amount in excess of Eighty Thousand Dollars ($80,000.00).

46. Defendant's conduct as set forth above was willful, intentional, and of a nature for which Plaintiff is entitled to recover punitive damages, including his reasonable and necessary attorney fees, expert fees, and the costs of this action in an amount to be determined at trial.

## THIRD CLAIM – ASSAULT

47. Plaintiff incorporates the previous paragraphs as if fully rewritten herein.
48. Defendant Flinn did physically touch the person on Plaintiff in an unlawful, unwarranted, and unrequited manor, causing physical harm to Plaintiff.
49. As a result of the foregoing actions of Defendants, Plaintiff has suffered damages including, but not limited to, mental anguish, emotional distress, humiliation, and other compensatory damages in an amount in excess of Eighty Thousand Dollars ($80,000.00).

## STATEMENT OF INCORPORATION

50. All facts in all causes of action are reincorporated in all other causes of action.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. Issue a Declaratory Judgment that Defendants' acts and practices violated Plaintiff's rights as protected by Ohio and Federal law;
B. Order Defendants to institute and carry out a well-publicized discrimination and harassment complaint, intake, investigation, and remedial program;
C. Grant Judgment to Plaintiff as to each of his claims and award compensatory damages in an amount that is reasonable and commensurate with the pain and emotional distress as a result of Defendants' tortious and discriminatory acts;
D. Grant punitive damages to Plaintiff in an amount sufficient to punish and deter Defendants from repeating their tortuous, outrageous, and discriminatory acts;
E. Award Plaintiff appropriate back pay, front pay, and reimbursement for lost wages, mental anguish, emotional distress, and humiliation in an amount to be proven at trial;
F. Award Plaintiff costs and reasonable attorney fees as provided by Ohio State and Federal law, to be determined at trial;
G. Award Plaintiff pre and post judgment interest at the rate of ten percent (10%) per annum; and,
H. Grant any other further and additional relief that this honorable Court deems necessary and just.

**JURY DEMAND**

Plaintiff respectfully demands a trial by jury on all issues presented herein.

Respectfully Submitted,

HUFFMAN, KELLEY, BROCK & GOTTSCHALK, LLC
540 West Market Street
Lima, Ohio 45801
Telephone No: 419-227-3423
Facsimile: 419-221-3592
Email: jnf@540westmarket.com
ATTORNEYS FOR PLAINTIFF

By: /s/ Jason N. Flower
    Jason N. Flower (0085972)