# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **MELVIN W. PARSONS,** | CASE NO. 3:21 CV 567 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **BUEHLER'S ASPHALT PAVING, INC., et al.**, | |
| | MEMORANDUM OPINION |
| Defendants. | AND ORDER |

### INTRODUCTION

On March 10, 2021, Melvin W. Parsons ("Plaintiff") brought this action asserting, *inter alia*, claims under Title I of the Americans with Disabilities Act 42 U.S.C § 12112 ("ADA"), and Ohio Revised Code § 4112.02, against Buehler's Asphalt Paving, Inc., and Darrell T. Flinn ("Defendants"). *See* Doc. 1 (Complaint). Currently pending before the Court is Defendants' Motion to Dismiss Plaintiff's claim under the ADA. (Doc. 7). To date, Plaintiff has not filed a response, and the time in which to do so has expired. *See* Local Civ. R. 7.1(d).

For the reasons discussed below, Defendants' Motion is GRANTED.

### BACKGROUND

According to the Complaint, Plaintiff began working for Buehler's Asphalt in 2010. (Doc. 1, at 2). Flinn was Plaintiff's supervisor. *Id.* Plaintiff asserts he was disabled, he made reasonable requests to Defendants to accommodate his disability, and Defendants ignored such requests. *Id.* at 2-3. He does not specify how he was disabled or the content of his accommodation requests.

Plaintiff also requested he not work with Flinn due to sexual harassment and a sexual assault committed against him by Flinn. *Id*. at 3. Plaintiff reported the assaults to Buehler's Asphalt. *Id*.

On June 18, 2020, Flinn physically assaulted Plaintiff. *Id.* On June 19, 2020, Flinn again made sexual advances towards Plaintiff. *Id.* On June 20, 2020, Plaintiff stopped showing up for work after he reported these incidents to local authorities; Flinn was placed on administrative leave. *Id.* Flinn ultimately returned to work after Buehler's Asphalt conducted an investigation. *Id*. at 4. Plaintiff refused to work under Flinn, and Buehler's Asphalt ultimately terminated Plaintiff's employment. *Id*.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on July 15, 2020, alleging discrimination on the basis of sex by Buehler's Asphalt. *See* Doc. 13-1 (discrimination charge). He did not check the box for discrimination based on disability. *See id.*

## STANDARD OF REVIEW

In reviewing a motion to dismiss, the Court tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). The Court is required to accept the allegations stated in the complaint as true, while viewing the complaint in a light most favorable to the non-moving party. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).

## DISCUSSION

Defendants move to dismiss Count One – Disability Discrimination under the ADA – for failure to state a claim under Rule 12(b)(6). Specifically, Defendants assert Plaintiff failed to raise an ADA claim within the discrimination charge he filed with the EEOC, and thus failed to exhaust his administrative remedies as required by law. (Doc. 7, at 1).

ADA claims must be raised and filed by an employee to the EEOC before a plaintiff can bring a lawsuit in court. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000). Under the ADA, a Plaintiff bringing a suit must first file a charge of discrimination with the EEOC within 300 days of the alleged discrimination and must obtain a right-to-sue letter from the EEOC to properly exhaust the administrative remedy. *Id.* The exhaustion of this administrative remedy is a "condition precedent" to an ADA claim, *Hoover v. Timken Co.*, 30 F. App'x 511, 513 (6th Cir. 2002), in that failure to do so is grounds for dismissal of the claim, *Jones v. Natural Essentials, Inc.*, 740 F. App'x 489, 494 (6th Cir. 2018) (upholding on appeal dismissal of ADA claims by a terminated employee against her employer for failure to exhaust EEOC administrative remedy).

In Count One, Plaintiff asserts he was discriminated against by Defendants for an unspecified disability, in violation of the ADA. (Doc. 1, at 4-5). Defendants move to dismiss Count One because Plaintiff did not file an ADA claim with the EEOC, and therefore did not exhaust his administrative remedies as required by law. (Doc. 7, at 3). Here, under the "Discrimination Based On" section of the EEOC charge form, Plaintiff marked "SEX" but not "DISABILITY." (Doc. 13-1, at 1). The charge then details the sexual harassment endured by Plaintiff from Flinn. *Id*. at 1-2. There is no mention of Plaintiff's disability, nor allegations of any conduct by Defendants which violates the ADA. *Id*. As stated, in order to file suit for an ADA claim, the claim must first be heard by the EEOC; this properly exhausts the administrative remedy. *Parry*, 236 F.3d 309.

3

Defendants have shown that Plaintiff has failed to exhaust his administrative remedies under the EEOC, and Plaintiff has not presented any argument to the contrary. For these reasons, Plaintiff's ADA disability discrimination claim will be dismissed without prejudice. *See Hoover*, 30 F. App'x at 513 (affirming dismissal of ADA claims without prejudice for failure to exhaust administrative remedies).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motion to Dismiss Count One (Doc. 7), be and the same hereby is, GRANTED.

                                                     s/ *James R. Knepp II*
                                                   UNITED STATES DISTRICT JUDGE